**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wayland Purnell, Appellant.

Appellate Case No. 2014-001501

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2017-UP-272
Heard May 3, 2017 – Filed July 5, 2017

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Wayland Purnell appeals his convictions for lewd act upon a child and first degree criminal sexual conduct with a minor. Purnell argues the trial court (1) improperly qualified the State's expert witness in the field of child

sexual abuse dynamics; and (2) improperly admitted video recordings of the victims' forensic interviews pursuant to Section 17-23-175 of the South Carolina Code (2014) because the statute violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court committed no abuse of discretion in qualifying the State's witness as an expert in the field of child sexual abuse dynamics. *See State v. Whaley*, 305 S.C. 138, 143, 406 S.E.2d 369, 372 (1991) ("Generally, the admission of expert testimony is a matter within the sound discretion of the trial court."); *State v. Jones*, 417 S.C. 319, 327, 790 S.E.2d 17, 21 (Ct. App. 2016) ("This court will not disturb the [trial] court's admissibility determinations absent a prejudicial abuse of discretion."); *State v. Brown*, 411 S.C. 332, 342, 768 S.E.2d 246, 251 (Ct. App. 2015) (holding child abuse dynamics and delayed disclosures to be subjects beyond the ordinary knowledge of the jury); *Jones*, 417 S.C. at 330, 790 S.E.2d at 23 (recognizing *Brown* is a settled point of law); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id*. at 475, 523 S.E.2d at 794 ("Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault."); *id*. ("It assists the jury in understanding some of the aspects of the behavior of victims and provides insight into the sexually abused child's often strange demeanor.").

2. The trial court's decision to admit video recordings of the victims' forensic interviews pursuant to Section 17-23-175 of the South Carolina Code (2014) did not constitute an abuse of discretion. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id*. ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Anderson*, 413 S.C. 212, 215-18, 776 S.E.2d 76, 77-79 (2015) (holding Section 17-23-175 is not violative of the Sixth Amendment's Confrontation Clause).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**